IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID G. RAY, et al., | ) | |
| Plaintiffs, | ) | 8:10CV199 |
| vs. | ) | ORDER |
| TIERONE CORPORATION, et al., | ) | |
| Defendants. | ) | |
| and | ) | |
| DOUGLAS L. STEJSKAL, | ) | |
| Plaintiff, | ) | 4:10CV3177 |
| vs. | ) | ORDER |
| GILBERT G. LUNDSTROM, | ) | |
| Defendant. | ) | |
| and | ) | |
| DOUGLAS L. STEJSKAL, | ) | |
| Plaintiff, | ) | 8:10CV332 |
| vs. | ) | ORDER |
| JAMES A. LAPHEN, | ) | |
| Defendant. | ) | |

This matter is before the court on the court's December 23, 2010, order requiring the parties to show cause why ***Douglas L. Stejskal v. James A. Laphen***, 8:10CV332, should not be consolidated with ***David G. Ray, et al. v. Gilbert G. Lundstrom, et al.,*** 8:10CV199, and ***Douglas L. Stejskal v. Gilbert G. Lundstrom,*** 4:10CV3177, for all purposes. The court-appointed lead plaintiffs' counsel responded that the lead plaintiffs have no objection to the consolidation. No other party responded to the order. The court

has reviewed the filings in these cases and it appears the cases may be consolidated, pursuant to Fed. R. Civ. P. 42(a), as the cases arise out of the same set of facts and are subject to the same legal standards. See *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). Upon consideration,

**IT IS ORDERED:**

1.  *Douglas L. Stejskal v. James A. Laphen*, 8:10CV332, is hereby consolidated for all purposes with **David G. Ray, et al. v. Gilbert G. Lundstrom, et al.,** 8:10CV199, and **Douglas L. Stejskal v. Gilbert G. Lundstrom,** 4:10CV3177.

2. The parties shall conduct discovery as if these consolidated cases are part of a single case. All future filings shall contain the consolidated case caption, which appears on this order, and shall be served on the parties' counsel in all cases as described below.

3. Case No. 8:10CV199 was previously designated as the "Lead Case." Case No. 8:10CV332 is hereby designated as a "Member Case," along with Case No. 4:10CV3177.

4. The court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, the parties are instructed to file all further documents (except those described in paragraph 5) in the Lead Case, No. 8:10CV199, and to select the option "yes" in response to the System's question whether to spread the text.

5. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; or to file items related to service of process.

6. If a party believes that an item in addition to those described in paragraph 5 should not be filed in all the consolidated cases, the party must move for permission to file the item in one or more member cases. The motion must be filed in all the consolidated cases using the spread text feature.

7. The order setting an initial progression for these cases was filed on October 27, 2010, and is the operable progression order governing this consolidated matter. **See** Filing No. 33 in case 8:10CV199.

8. Lead Counsel shall confer with Mr. Stejskal and apprise him of the status of this case.

DATED this 21st day of January, 2011.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge