# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID G. RAY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>            Plaintiff,<br><br>     v.<br><br>TIERONE CORPORATION,<br>GILBERT G. LUNDSTROM,<br>EUGENE B. WITKOWICZ,<br>MICHAEL J. FALBO,<br>JAMES A. LAPHEN, AND<br>CHARLES W. HOSKINS,<br><br>            Defendants. | Lead Case No. 8:10-cv-00199 |
| DOUGLAS L. STEJSKAL,<br><br>            Plaintiff,<br><br>     v.<br><br>GILBERT G. LUNDSTROM,<br><br>            Defendant. | Case No. 4:10-cv-3177 |
| DOUGLAS L. STEJSKAL,<br><br>            Plaintiff,<br><br>     v.<br><br>JAMES A. LAPHEN,<br><br>            Defendant. | Case No. 8:10-cv-332<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the plaintiffs' unopposed motion for certification of class and for preliminary approval of settlement, Filing No. 101. These

are consolidated cases for violations of federal securities laws under 15 U.S.C. § 78 *et seq*. See Filing No. 40, Consolidation Order. The Court held a hearing on July 6, 2012. This Court earlier appointed the Valentino Group as Lead Plaintiffs and approved their selection of counsel. Filing No. 31. Lead Plaintiffs' motion for certification of a class was denied as moot in light of the parties pending settlement. Filing No. 100. The parties have now entered into a settlement of the claims asserted in this action as set forth in a Stipulation of Settlement, dated May 25, 2012 (the "Stipulation"). See Filing No. 102, Index of Evidence ("Evid."), Exhibit ("Ex.") 1, Stipulation of Settlement (Doc # 102-1).

    I.    Law

        A.    Certification of Class

The Court must first consider whether to conditionally certify a settlement class. *See Amchem Products, Inc., v. Windsor*, 521 U.S. 591, 620 (1997). Under the Federal Rules of Civil Procedure, "one or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see Amchem Prods.*, 521 U.S. at 613 (1997) (describing requirements as (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation). The Court may disregard management issues in certifying a settlement class, but the proposed class must still satisfy the other requirements of Rule 23. *Id.* at 593. In addition, an action

may be maintained as a class action if the "court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). "In order to obtain class certification, a plaintiff has the burden of showing that the class should be certified and that the requirements of Rule 23 are met." Coleman v. Watt, 40 F.3d 255, 258-59 (8th Cir. 1994).

A number of factors are relevant to the numerosity requirement of Rule 23(a), "the most obvious of which is, of course, the number of persons in the proposed class." Paxton v. Union Nat. Bank, 688 F.2d 552, 559 (8th Cir. 1982); compare Tate v. Weyerhaeuser Co., 723 F.2d 598, 609 (8th Cir. 1983) (noting that seven to fourteen class members is not enough) with Arthur Young & Co. v. Reves, 937 F.2d 1310, 1323 (8th Cir. 1991) (finding that 1,685 potential plaintiffs was a sufficiently large number). In addition to the size of the Class, the Court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members. Paxton, 688 F.2d at 559-60; Tate, 723 F.2d at 609 (it is appropriate for the district court to consider "that trying the individual suits would not be inconvenient because it could examine the factual basis of" each class member's complaint).

The commonality element requires that questions of law or fact are common to the Class. Fed. R. Civ. P. 23(a)(2). Commonality is not required on every question raised in a class action. DeBoer v. Mellon Mortgage Co., 64 F.3d 1171, 1174 (8th Cir. 1995). Rather, "Rule 23 is satisfied when the legal question 'linking the class members

3

is substantially related to the resolution of the litigation.'" *Id.* (quoting *Paxton*, 688 F.2d at 561).

Typicality under Rule 23(a)(3) means "that there are 'other members of the class who have the same or similar grievances as the plaintiff.'" *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996) (quoting *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977). The burden is fairly easily met so long as other class members have claims similar to the named plaintiff. *Id.* (noting that factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory).

The "adequacy of representation" inquiry reflects concerns about whether the class representatives have common interests with the members of the class and whether they and their counsel will competently and vigorously pursue the lawsuit. *Id.*; *Paxton*, 688 F.2d at 562-63. The adequacy of representation requirement of Rule 23(a)(4) is of critical importance in every class action. *Hervey v. City of Little Rock*, 787 F.2d 1223, 1230 (8th Cir. 1986).

If the requirements of numerosity, commonality, typicality, and adequacy are satisfied, a plaintiff must satisfy one of the three subsections of Rule 23(b). *In re St. Jude Medical, Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005). Rule 23(b)(3) provides that a class action may be maintained if the court finds the questions of law or fact common to members of the class predominate over the questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the dispute. *Id.*; Fed. R. Civ. P. 23(b)(3). The matters pertinent to the Rule 23(b)(3)

inquiry include: the class members' interests in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already begun by or against class members; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D).

In addition to the Rule 23(a) and (b) requirements, "[a]n order certifying a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)." Fed. R. Civ. P. 23(c)(1)(B). Adequacy of class counsel must also be established. Fed. R. Civ. P. 23(g).

### B. Preliminary Approval of Settlement

The Stipulation is subject to review under Rule 23 of the Federal Rules of Civil Procedure. Approval of a class action settlement under Rule 23(e) involves a two-step process: first, a "preliminary approval" order; and second, after notice of the proposed settlement has been provided to the class and a hearing has been held to consider the fairness, reasonableness and adequacy of the proposed settlement, a "final approval" order or judgment will be entered. *See* Manual for Complex Litigation § 13.14 (4th ed. 2004). In considering preliminary approval, the court makes a preliminary evaluation of the fairness of the settlement, prior to notice. Manual of Complex Litigation (Fourth) § 21.632 (2010). First, the court must make a preliminary determination of the fairness, reasonableness and adequacy of the settlement terms and must direct the preparation of notice of the proposed settlement and the date of the fairness hearing. *Id.* After an agreement is preliminarily approved, the second step of the process ensues: notice is

given to the Class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval. *Id.*

A district court is required to consider four factors in making a determination that a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *In re Wireless Tel. Federal Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005). A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *Id.* at 934. The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's length negotiations, and whether a skilled mediator was involved. *See DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995). A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits. *See City P'ship Co. v. Atlantic Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996).

    C.    Notice

Rule 23 also provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). In addition, notice of a motion for attorneys' fees must be served on all parties and directed to class members in a reasonable manner. Rule 23(h)(1). In securities class actions, the Private Securities Litigation Reform Act ("PSLRA") requires a notice of settlement to include: (1) "[t]he amount of the settlement proposed to be distributed to the parties to the action, determined in the aggregate and on an average per share

6

basis;" (2) "[i]f the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this chapter, a statement from each settling party concerning the issue or issues on which the parties disagree;" (3) "a statement indicating which parties or counsel intend to make . . . an application [for attorneys' fees or costs], the amount of fees and costs that will be sought (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought;" (4) "[t]he name, telephone number, and address of one or more representatives of counsel for the plaintiff class who will be reasonably available to answer questions from class members"; and (5) "[a] brief statement explaining the reasons why the parties are proposing the settlement." 15 U.S.C. § 78u-4(a)(7).

II. DISCUSSION

The Court finds, preliminarily and for purposes of this settlement only, that the requirements of Rule 23 have been met and the Class should be certified. The proposed class consists of "all persons who purchased the common stock of TierOne corporation during the time period of August 9, 2007 through May 14, 2010, inclusive and were allegedly damaged thereby." See Filing No. 102-2 (Page ID 1558). All of the Individual Defendants and all former officers and directors of TierOne Corporation, and such excluded persons' immediate families, legal representatives, heirs, predecessors, successors, and assigns, and any entity in which any excluded person has or had a controlling interest are excluded from the Class as are any people who file timely requests for exclusion is accordance with this order. *Id.*

The record shows that the number of class members is so numerous that joinder of all class members would be impracticable. Although the exact size of the Class is not yet known, the Complaint alleges that there are hundreds, if not thousands, of people who purchased TierOne Corporation stock during the relevant time period and the Company's stock was actively traded in an efficient market on the NASDAQ stock exchange. Further, the record shows there are questions of law and fact common to the Class in that the issues of the claims are whether false statements of material fact were made, whether the statements were made with the requisite state of mind, and determination of the proper measure of damages. All of the Class members were injured by the same allegedly fraudulent conduct. The parties have also shown that the Class representatives' claims are typical of the claims of other members of the Class. The Class claims arise from the same conduct and give rise to the same theories of recovery. Also, the Court finds that the representative parties can fairly and adequately protect the interests of the Class. The representatives' interests are congruent to those of the Class. The Court previously appointed the Rosen Law Firm to litigate this case for the Proposed Class as Lead Plaintiffs' counsel and now finds they have the experience and resources to represent the Class fairly and adequately. The Court further finds that the questions of law and fact common to all the Class members predominate over any question affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Issues of liability are the same with respect to each class member in most securities fraud cases. If every class member were to bring an individual action, each plaintiff would be required to demonstrate the same omissions or misrepresentations to

prove liability. The Court also finds that a class action is superior to other methods of adjudication in that absent a class action, the Court would be faced with numerous lawsuits. Also, the prosecution of costly litigation as individuals is not a realistic alternative for most class members and class members have little economic incentive to do so.

The Court has reviewed the proposed settlement agreement, Filing No. 102, Index of Evid., Ex. 1. Lead Plaintiffs have shown that the proposed settlement is the product of extensive litigation and arm's-length negotiations conducted by experienced counsel and mediated by a retired federal judge. *See* Filing No. 84, Mediation Reference Order. Counsel for the parties have shown that they negotiated the terms of a proposed settlement that maximizes the defendants' financial contribution. The Settlement requires the defendants' insurers to pay $3,100,000 into escrow for the benefit of the Class. See Filing No. 102, Ex. 1, Stipulation of Settlement at 12. The parties have devised a Plan of Allocation based on Lead Counsel's assessment of the merits and the relative strengths or weaknesses of the claims of the Class members. *Id.* at 18. The parties request that Strategic Claims Services, an accounting and claims administration firm, be appointed as Claims Administrator to determine, under supervision of Lead Counsel, the extent to which claims are allowed, subject to appeal to this Court. *Id.* at 5, 15. The Plan of Allocation for distributing the proceeds of the Net Settlement Fund (after the payment of attorneys' fees, costs of administration, taxes, any payment under 15 U.S.C. §78u-4(a)(4), and any other Court-approved payments), is described at length in the Notice. Filing No. 108, Ex. A-1. Under the Settlement, whether a member of the Class has sustained a loss that will entitle him or her to

recover from the Settlement Fund will depend on the calculation of a "recognized loss" for that member.  *Id.*  The calculation of recognized loss for the Class members is dependent on the number of claims filed, dates shares were purchased and sold, prices of shares, and amount of administrative costs and attorney fees.  *Id.*  In their brief, Lead Counsel state that the allocation was devised with the assistance of an experienced consultant, taking into account the appropriate loss causation issues.  Filing No. 103, Brief at 9.  In addition, the Settlement provides that the administrative determination of the Clams Administrator will be presented to the Court for approval in the settlement class distribution order.  Filing No. 102, Index of Evid., Ex. 1, Settlement at 16.

Lead Counsel have shown that the proposed settlement in the best interests of the plaintiff class, based on the claims and defenses in this action, its procedural posture, the anticipated time and expense of protracted litigation, and the risk that the Class would recover nothing in view of the fact that TierOne is in bankruptcy and TierOne and its former management are subject to numerous regulatory proceedings and investigations seeking damages and penalties.

The proposed settlement between the plaintiff class and defendants appears, on preliminary review, to be within the range of reasonableness and, accordingly, the Court finds the proposed partial settlement should be submitted to class members for their consideration and a fairness hearing under Fed. R. Civ. P. 23(e), after which an order of final approval will issue.

The parties have submitted a proposed Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Hearing (the "Notice"), proposed Summary Notice of Class Action Settlement ("Summary notice")

and a proposed Proof of Claim and Release (the "Proof of Claim") to the Court for review. Filing No. 108, Index of Evid., Exs. A-1, A-2, and A-3. The Court has reviewed the proposed notices, and finds they are satisfactory. The Notice satisfies the requirements of Rule 23(h)(1), as it notifies proposed class members that counsel for plaintiffs will apply to the Court for attorneys' fees and expenses, including an award of attorneys' fees of approximately 33% of the settlement amount and will seek reimbursement of litigation costs and expenses of up to $100,000, to be paid from the Settlement Fund.

The Notice sets forth the amount of the Settlement Fund, sets out the amount of fees requested, explains the nature and history of the litigation, and describes the plan of allocation. See Filing No. 108, Ex. A-1. It also sets out the parties' disagreement over damages and liability. *Id.* Further, the Notice includes detailed information on requesting exclusion from the Class and provides the name and mailing address of the Claims Administrator. *Id.* It also provides detailed instructions on the process for completing and submitting the Proof of Claim and the Release forms that accompany it. *Id.* The Summary Notice also informs class members that copies of the Notice and Proof of Claim and Release forms may be obtained by writing or calling the Claims Administrator. Filing No. 108,Ex. A-2. Finally, the Notice discloses the date, time and place of the final approval hearing, along with the procedures for commenting on the Settlement and includes the postal address for the Court, and the postal addresses and telephone numbers of Lead Counsel and counsel for all defendants. *Id.* The Court finds the Notice includes all of the information required under the Federal Rules and the PSLRA.

Under the terms of the Settlement, the Claims Administrator is charged with disseminating the Notice to the Class. Filing No. 102, Ex. 1, Settlement at 5. Lead Counsel state

that the parties propose to mail the Notice and accompanying documents to proposed class members who can be identified with reasonable effort and to brokerage firms and others who regularly act as nominees for beneficial purchasers of stock. Filing No. 103, Brief at 12. In addition, Lead Counsel indicate that the Summary Notice will be published in Investors Business Daily, a well-known and widely-circulated business publication, and, on a different day, will be published in the electronically on Globe News Wire. *Id.* The Settlement also requires Lead Counsel to file an affidavit with the Court describing how notice of the Settlement was given to the Settlement Class and listing the names and addresses of all persons to whom individual Notice of the Settlement was mailed. *Id.* at 17. Accordingly,

IT IS ORDERED:

1. The plaintiffs' unopposed motion for certification of class and for preliminary approval of settlement (Filing No. 101) is granted.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, this action is hereby preliminarily certified as a class action on behalf of:

> All persons who purchased the common stock of TierOne Corporation during the time period of August 9, 2007 through May 14, 2010, inclusive, and allegedly were damaged thereby.

3. The individual defendants and all former officers and directors of TierOne Corporation, and such excluded persons' immediate families, legal representatives,

heirs, predecessors, successors, and assigns, and any entity in which any excluded person has or had a controlling interest are excluded from the Class.

4. Those who file valid and timely requests for exclusion in accordance with this order are excluded from the Class.

5. Lead Plaintiffs are certified as the Class representatives on behalf of the Class, and the Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court is hereby appointed as Lead Counsel for the Class.

6. An Order Preliminarily Approving Settlement and Providing for Notice will issue this date.

7. A Fairness Hearing is scheduled on **October 25, 2012 at 1:00 p.m.** in Courtroom No. 3, Roman Hruska Federal Courthouse, 11 South 18th Plaza, Omaha, Nebraska.

8. The Clerk of Court is directed to mail a copy of this order and the order preliminarily approving the Settlement by first class mail to:

Douglas J. Stejskal
PO Box 1222
Columbus, NE 68602

DATED this 12th day of July, 2012.

                BY THE COURT:

                s/ Joseph F. Bataillon
                UNITED STATES DISTRICT JUDGE