IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID G. RAY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>    v.<br><br>TIERONE CORPORATION, GILBERT G. LUNDSTROM, EUGENE B. WITKOWICZ, MICHAEL J. FALBO, JAMES A. LAPHEN, AND CHARLES W. HOSKINS,<br><br>    Defendants. | Lead Case No. 8:10-cv-00199 |
| DOUGLAS L. STEJSKAL,<br><br>    Plaintiff,<br><br>    v.<br><br>GILBERT G. LUNDSTROM,<br><br>    Defendant. | Member Case No. 4:10-cv-3177 |
| DOUGLAS L. STEJSKAL,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES A. LAPHEN,<br><br>    Defendant. | Member Case No. 8:10-cv-332 |

**ORDER PRELIMINARILY APPROVING SETTLEMENT
<u>AND PROVIDING FOR NOTICE</u>**

    In conformity with the Memorandum and Order entered this date, the Court finds as follows:

WHEREAS, Lead Plaintiffs Vincent Valentino, Raoul and Sharon Turcot, and Eric Follestad, on behalf of themselves and the putative settlement class (collectively, "Plaintiffs"); and Defendants Gilbert G. Lundstrom, Eugene B. Witkowicz, Michael J. Falbo, James A. Laphen, and Charles W. Hoskins (collectively, the "Individual Defendants"), and Defendants' Insurers, Arch Insurance Company, Hudson Insurance Company, and St. Paul Mercury Insurance Company/The Travelers Companies, Inc., have entered, by and through their respective counsel, into a settlement of the claims asserted in the Action, the terms of which are set forth in a Stipulation and Agreement of Settlement, dated May 25, 2012 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Second Amended Consolidated Complaint filed in the Action on the merits and with prejudice; and

**WHEREAS**, the Court having reviewed and considered the Stipulation, the proposed Notice of Pendency and Settlement of Class Action (the "Notice"), the proposed Summary Notice of Class Action Settlement ("Summary Notice"), the proposed Plan of Allocation of the Net Settlement Fund among Settlement Class Members contained in the Notice, the proposed form of the Proof of Claim and Release, the proposed form of Order and Final Judgment relating to the Settlement and submissions made relating thereto ("Final Judgment"), and finding that substantial and sufficient grounds exist for entering this Order; and

**WHEREAS**, capitalized terms used herein having the meanings defined in the Stipulation;

2

**IT IS HEREBY ORDERED** that:

1. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all persons who purchased the common stock of TierOne Corporation during the time period of August 9, 2007 through May 14, 2010, inclusive, and allegedly were damaged thereby. Excluded from the Settlement Class are all of the Individual Defendants and all former officers and directors of TierOne Corporation, and such excluded persons' immediate families, legal representatives, heirs, predecessors, successors, and assigns, and any entity in which any excluded person has or had a controlling interest. Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Court's Order of Preliminary Approval of Settlement ("Preliminary Approval Order") concerning this Stipulation.

2. The Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to each of the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Class, and the Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court is hereby appointed as Lead Counsel for the Class.

4. A fairness hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on **October 25, 2012 at 1:00 p.m**. in Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska for the following purposes:

(a) to determine finally whether the Action satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23(a) and (b);

(b) to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine whether the Final Judgment as provided under the Stipulation should be entered, dismissing the Second Amended Consolidated Complaint, on the merits and with prejudice, and to determine whether the release by the Class of the Released Persons, as set forth in the Stipulation, should be ordered;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e) to consider the application of Lead Counsel for an award of Attorneys' Fees and Expenses and Award to Lead Plaintiffs; and

(f) to rule upon such other matters as the Court may deem appropriate.

5. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The foregoing reservation of rights shall not, however, alter Lead Plaintiffs' or the Individual Defendants' respective rights to terminate the Settlement in accordance with the terms and conditions of the

Stipulation. The Court further reserves the right to enter its Final Judgment approving the Stipulation and dismissing the Second Amended Consolidated Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or an award to Lead Plaintiffs.

6. The Court approves the form, substance, and requirements of (a) the Notice of Pendency and Settlement of Class Action, and (b) the Proof of Claim and Release form, Filing No. 108, Exhibits A-1 and A-3, respectively.

7. Lead Counsel has the authority to enter into the Stipulation on behalf of the Class and is authorized to act on behalf of the members of the Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

8. Lead Counsel shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, within twenty-one (21) calendar days of the entry of this Order, to all Class Members who can be identified with reasonable effort by Lead Counsel.

9. The Court authorizes the creation of a Notice and Administration Account (as defined in the Stipulation) in the amount of $100,000 and Lead Counsel is authorized to allocate those sums in the Notice and Administration Account for reasonable Notice and Administration Expenses. After the Effective Date, additional amounts over $100,000 may be allocated from the Settlement Fund to the Notice and Administration Account.

10. Any and all issuers, securities firms, or transfer agents holding transfer records for TierOne common stock are hereby ordered to produce such transfer records

in a usable electronic format to Lead Counsel or their designated agent within fourteen (14) calendar days of receipt of a copy of this Order.

11. Lead Counsel or their designated agent shall also make reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased TierOne common stock during the Class Period. Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, in which event the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners. Lead Counsel shall, at or before the Settlement Hearing, serve upon the Individual Defendants' counsel, and file with the Court, proof of mailing of the Notice and Proof of Claim.

12. The Court approves the form of the Summary Notice of Class Action Settlement in substantially the form and content as that in Filing No. 108, Exhibit A-2 and directs that Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and published electronically on the *GlobeNewswire* within thirty-five (35) calendar days after the entry of this Order. Lead Counsel shall, at or before the Settlement Hearing, serve upon the Individual Defendants' counsel and file with the Court proof of publication of the Summary Notice.

13. The form and method set forth herein of notifying the Class of the Settlement and its terms and conditions (a) meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; (b) constitute the best notice practicable under the circumstances; and (c) shall constitute due and sufficient notice to all persons and entities entitled thereto. Unless otherwise determined by this Court or an Appellate Court, under no circumstances shall any Class Member be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

14. In order to be entitled to participate in recovery from the Net Settlement Fund, as defined in the Stipulation, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Class Member shall take the following action and be subject to the following conditions:

(a) A properly executed Proof of Claim, in substantially the form as that in Filing No. 108, Exhibit A-3, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than September 14, 2012. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail), provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice;

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions:  (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transaction reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury;

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, Lead Counsel, through the Claims Administrator, shall determine, based upon the Plan of Allocation of the Net Settlement Fund, whether such claim is valid, deficient, or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined; and

(d)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

15.    Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall mail the request in written form, by first-class mail,

postage prepaid, and postmarked by September 14, 2012, to the Post Office Box address listed in the Notice. Such request for exclusion shall clearly indicate the name and address of the person seeking exclusion, and that the sender specifically requests to be excluded from the Class (as defined in the Stipulation), and shall be signed by such person. Such persons requesting exclusion are also required to specify all purchases of the relevant TierOne common stock during the Class Period, including the number and price of the shares purchased, the number and price of shares sold during the Class Period, and the date of each such purchase or sale. It is also required that such persons provide their telephone number or other contact information. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and the Notice.

17. Lead Counsel shall file and serve papers in support of the Settlement, the Plan of Allocation, and any application for attorneys' fees or expenses and award for Lead Plaintiffs at least thirty (30) calendar days before the Final Settlement Hearing.

18. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, the award to Lead Plaintiffs, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are served by **October 11, 2012** on:

>Phillip C. Kim
>THE ROSEN LAW FIRM, P.A.
>275 Madison Avenue, 34th Floor
>New York, NY 10016
>(212) 686-1060
>*Attorneys for Lead Plaintiff, The Valentino Group*

and filed with the Clerk of the Court, United States District Court, District of Nebraska, 111 South 18th Plaza, Suite 1152, Omaha, NE 68102. Lead Plaintiffs' counsel will promptly serve any objections they receive to counsel of record for each defendant. Replies to any objections to the Settlement, the Plan of Allocation, and the application for attorneys' fees or expenses and award to Lead Plaintiffs shall be filed and served at least five (5) calendar days before the Settlement Hearing.

Attendance at the Settlement Hearing is not necessary. Persons wishing to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and award to Lead Plaintiffs should submit an "Appearance Letter" to the Clerk of Court and Lead Plaintiffs' counsel at least five days before the Settlement Hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for award of attorneys' fees and expenses and award to Lead Plaintiffs, and who desire to present evidence at the Settlement Hearing, should include in their Appearance Letter the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19. Any Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement,

the Final Judgment to be entered approving the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses and award to Lead Plaintiffs. Upon final approval of the Settlement, claims of any Class Members who fail to exclude themselves will be barred consistent with the dictates of Federal Rule of Civil Procedure 23 and due process.

20. The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof without any further notice other than an announcement at the Settlement Hearing or any adjournment thereof, and to approve the Settlement without further notice to the Class.

21. Pending final determination of whether the Settlement should be approved, all Class Members, and each of them, and anyone who acts or purports to act on their behalf shall not institute, commence, or prosecute any action which asserts Released Claims against any of the Released Persons.

22. In the event that the Settlement shall not be consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and shall not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her, or its respective position as it existed before the execution of the Stipulation pursuant to the terms of the Stipulation.

23. The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or connected with, the Settlement.

DATED this 12th day of July, 2012.

                                    BY THE COURT:

                                    s/ Joseph F. Bataillon
                                    United States District Judge