IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID G. RAY, Individually and on behalf of all others similarly situated; GABRIEL D'SOUZA, VALENTINO GROUP,<br><br>        Plaintiffs,<br><br>    v.<br><br>GILBERT G. LUNDSTROM, MICHAEL J. FALBO, TIERONE CORPORATION, EUGENE B. WITKOWICZ, CHARLES W. HOSKINS, JAMES A. LAPHEN,<br><br>        Defendants. | Lead Case No. 8:10CV199 |
| DOUGLAS L. STEJSKAL,<br><br>        Plaintiff,<br><br>    v.<br><br>GILBERT G. LUNDSTROM,<br><br>        Defendant. | Member Case No. 4:10CV3177 |
| DOUGLAS L. STEJSKAL,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES A. LAPHEN,<br><br>        Defendant. | Member Case No. 8:10CV332 |

**MEMORANDUM AND FINAL ORDER OF APPROVAL**

This matter is before the court after a Final Fairness Hearing on October 26, 2012, on the Lead Plaintiffs' motion for final approval of the parties' proposed class action settlement (Filing No. 102, Ex. 1 in 8:10CV99; and Filing No. 62, Ex. 1 in

8:10CV332 and 4:10CV3177) and motion for attorney fees, expenses, and awards to Lead Plaintiffs, Filing Nos. 116 and 118 in 8:10CV199; and Filing Nos. 72 and 74 in 8:10CV332 and 4:10CV3177.

The Court must determine: (1) whether the parties' Stipulation of Settlement (the "Settlement") dated May 25, 2012 (Filing No. 102, Ex.1 in 8:10CV99; Filing No. 62, Ex. 1 in 8:10CV332 and 4:10CV3177) is fair, reasonable, and adequate to settle all claims asserted by Lead Plaintiffs Vincent Valentino, Raoul and Sharon Turcot, and Eric Follestad (collectively, "The Valentino Group") on behalf of themselves and all members of the class against defendants Gilbert G. Lundstrom, Eugene B. Witkowicz, Michael J. Falbo, James A. Laphen, and Charles W. Hoskins (collectively, the "Individual Defendants"); (2) whether judgment should be entered dismissing these actions on the merits and with prejudice, thus granting relief to the Individual Defendants against all persons who are members of the Class and who have not requested exclusion therefrom; (3) whether to approve the proposed Plan of Allocation described in the Notice of Pendency and Settlement of Class Action (Filing No. 108, Ex. A-1 in 8:10CV99) as a fair and reasonable method to allocate the settlement proceeds among members of the class; (4) whether and in what amount to award attorneys' fees, expenses, and awards to Lead Plaintiffs.

### I. Final Approval of Settlement

As an initial matter, for the reasons stated in its order preliminarily approving the settlement, the court finds that this action should be certified as a class action on behalf of:

> All persons who purchased the common stock of TierOne Corporation during the time period of August 9, 2007 through May 14, 2010, inclusive,

> and allegedly were damaged thereby. The individual defendants, all former officers and directors of TierOne Corporation, and their immediate families, legal representatives, heirs, predecessors, successors, and assigns, and any entity in which they have or had a controlling interest, are excluded from the Class.
>
> The following persons have filed timely requests for exclusion and are also excluded from the Class:  TierOne Corporation and TierOne Corporation bankruptcy estate, c/o Brian Kruse, Esq., Rembolt Ludke, 1201 Lincoln Mall, Suite 102, Lincoln, Nebraska, 68508; Gary L. Peck, 1529 Cafe DuMonde, Conroe, TX, 77304; Mark G. Bernadiner and Dmitri M. Egorov JTTEN, 1114 Sussex Trail, Pearland, TX  77584; Jeff & Janice Kuester, 1900 S.W. 23rd Street, Lincoln, NE 68522; Martin L. Grotelueschen, 1607 Road 2, Leigh, NE 68643; Gerald M. and Linda Sue Bontrager, 1267 Country Road I, Ithaca, NE 68033; and Martin L. Klotovich, 1455 W. Oak Street, Bozeman, MT  59715.

*See* Filing No. 110 in 8:10CV199, Memorandum and Order at 2-5; Filing No. 70 in 8:10CV332 and 4:10CV3177; Filing No. 120, Ex. 2 in 8:10CV199, Declaration of Josephine Bravata ("Bravata Decl.") at 5, & 29-55, Ex. D; Filing No. 76, Ex. 2 in 8:10CV332 and 4:10CV3177; Filing No. 125, Ex. 8 in 8:10CV199, Supplemental Declaration of Josephine Bravata ("Bravata Supp. Decl.") at  27, Ex. F; Filing No. 78, Ex. 8 in 8:10CV332 and 4:10CV3177.

The Court further finds that notices substantially in the form approved by the court in the Preliminary Approval Order, *e.g.*, Filing No. 108, Ex. A-1 in 8:10CV199, were mailed to the putative class members and published in accordance with the Court's order.  *See, e.g.,* Filing No. 110 in 8:10CV199, Memorandum and Order at 10-12; Filing No. 120, Ex. 2, Bravata Decl. at 2-4; Filing No. 125, Ex. 8, Bravata Supp. Decl. at 1-2 (and corresponding filings in the member cases).  The court hereby finds that the notice given to the class provided the best notice practicable under the circumstances and provided due and adequate notice of these proceedings, the settlement, the plan of allocation, and the Final Fairness Hearing.  The Court finds the

notice satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and is reasonably calculated to afford due process to persons entitled to such notice. Lead Plaintiffs have shown that 13,986 notices were mailed and that 2,885 claims were received by the claims administrator, Strategic Claims Services ("SCS"), as of the claims-filing deadline. *See, e.g.,* Filing No. 125, Ex. 8, Bravata Supp. Decl. at 2-3; Filing No. 120, Ex. 1, Declaration of Phillip Kim ("Kim Decl.") at 8-9. The court finds a full opportunity has been offered to the class members to object to the proposed Settlement and to participate in the hearing thereon. No one appeared at the hearing to object to the settlement.

The court further finds that the proposed plan of allocation is a fair and reasonable method to allocate the settlement proceeds among members of the Class. *See, e.g.,* Filing No. 120, Ex. 1, Kim Decl. at 10-12. The plan of allocation was formulated by lead counsel in consultation with a damages expert, and provides that the claim administrator, SCS, will determine each claimant's pro rata share of the Net Settlement Fund based upon each claimant's net recognized loss, with that share to be determined by the ratio that the authorized claimant's allowed claim bears to the total allowed claims of all authorized claimants. *Id.* at 9. The court finds the Settlement is fair, reasonable, and adequate, and in the best interests of the class. Accordingly, the court finds the Settlement should be approved.

The Court has considered the objections filed by Betty L. Van Boening, Filing No. 113; Ron Brimmer, Filing No. 114; John Reimnitz, Filing No. 115; Duncan Riefler, Filing No. 121; Douglas Stejskal, Filing No. 122, and Frank Cummings, Filing No. 123, as well as an objection submitted to SCS by Karen Beavers, *see* Filing No. 125, Ex. 8, Bravata

Decl. at 26, and finds the objections should be overruled. Lead plaintiffs have shown that, for the most part, the objections have been resolved. *See, e.g.,* Filing No. 125, Ex. 8, Bravata Supp. Decl. at 2-3, 25-26 (stating that Betty L. Van Boening has been determined not to be a member of the class, Duncan W. Riefler has indicated he has withdrawn his objection, John Reimnitz has withdrawn his objection, Karen Beaver has filed a timely claim form, and Frank Cummings will be allowed to file a claim out of time, obviating his objection); Filing No. 120, Ex. 2, Bravata Decl. at 4-5.

The remaining objections are without merit. In his objection, Douglas Stejskal, *pro se* plaintiff in the member cases, indicates that he does not necessarily object to the general terms of the proposed settlement," but "take[s] issue with the fact that no provision is made in the proposed settlement concerning the two member cases." Filing No. 122 in 8:10CV199, Objection at 1. However, Stejskal has also submitted a claim and will be included in the Settlement. *Id.* at 7, Ex. B. Additionally, Stejskal seeks recovery of his investment and an additional payment in the amount of $1,500.00 to settle his claims. The Court finds no support for his position and finds his objection should be overruled. The court also finds that Ron Brimmer's objection, Filing No. 114 in 8:10CV199, is conclusory, lacks merit and should be denied.

## II. Attorney Fees, Expenses, and Awards to Lead Plaintiffs

A thorough judicial review of fee applications is required in all class action settlements. *In re Diet Drugs*, 582 F.3d 524, 537-38 (3d Cir. 2009); *Johnson v. Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) (noting that the district court bears the responsibility of scrutinizing attorney fee requests). Courts utilize two main approaches to analyze a request for attorney fees: (1) the "lodestar" methodology

(multiplying the hours expended by an attorney's reasonable hourly rate of compensation to produce a fee amount that can be adjusted to reflect the individualized characteristics of a given action); and (2) the "percentage of the benefit" approach (permitting an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation). *Johnson*, 83 F.3d at 244-45. It is within the court's discretion to decide which method to apply. *Id*. The percentage-of-recovery methodology has been approved in common-fund settlement class action cases. *See, e.g., In re US Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (approving an award of 36% of the settlement fund); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999) (approving award of 24% of monetary compensation to the class). To recover fees from a common fund, attorneys must demonstrate that their services were of some benefit to the fund or that they enhanced the adversarial process. *In Re US Bancorp Litig.*, 291 F.3d at 1038. Under the Private Securities Litigation Reform Act ("PSLRA"), "Congress plainly contemplated that percentage-of-recovery would be the primary measure of attorneys' fees awards in federal securities class actions." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005).

Although the PSLRA does not permit incentive awards and provides that "[t]he share of any final judgment or of any settlement that is awarded to a representative party serving on behalf of the class shall be equal, on a per share basis, to the portion of the final judgment or settlement awarded to all other members of the class," it permits district courts to award "reasonable costs and expenses (including lost wages) directly

relating to the representation of the class to any representative party serving on behalf of the class." 15 U.S.C. § 78u–4(a)(4).

The Court has reviewed the motion for fees, expenses and awards to Lead Plaintiffs and supporting materials. *See, e.g.,* Filing No. 120 in 8:10CV199, Ex. 1, Kim Decl. at 14-18, Ex. A, Declaration of Laurence Rosen ("Rosen Decl."); Ex. B, Declaration of Katherine M. Ryan ("Ryan Decl."). The Settlement provides a fund of $3,100,000.00 in cash, plus interest. *See, e.g.,* Filing No. 102 in 8:10CV199, Ex. 1, Settlement at 12. Lead plaintiffs request a fee award to lead counsel of one-third (33.3%) of the Settlement Fund or approximately $1,033,333.00. *See, e.g.,* Filing No. 118 in 8:10CV199, Motion at 2; Filing No. 120 in 8:10CV199, Ex. 1, Kim Decl. at 14. lead counsel also request reimbursement from the Settlement Fund of $77,907.41 in actual expenses, as well as incentive awards of $2,000.00 to each of the three Lead Plaintiffs. Filing No. 118 in 8:10CV199, Motion at 2. The defendants take no position on the issues. *See, e,g.,* Filing No. 102, Ex. 1, Settlement at 20.

Putative class members were informed by notice of lead counsel's intent to seek attorney fees of up to 33.3% of the settlement fund (or up to $1,033,333.00), as well as to seek litigation expenses in an amount up to $100,000.00, and awards of up to $2,500.00 each for each of the three Lead Plaintiffs. *Id.* at 14, 17. The court finds lead counsel have competently prosecuted this litigation and have achieved a fair and reasonable settlement. Their efforts benefitted the fund and enhanced the recovery. This class action involves complex factual and legal issues and securities litigation requires considerable skill. The action was actively prosecuted since its filing. Lead Plaintiffs have shown that the Settlement will recover approximately 13.5% of plaintiffs'

counsels' best case estimate of total damages of approximately $23,000,000.00. Filing No. 120, Ex. 1, Kim Decl. at 7. This represents a reasonable recovery in a case of this nature, especially in light of disputes on issues of falsity, materiality, scienter, loss causation and damages. The Court finds those class members who file claims will benefit from the Settlement. Lead Plaintiffs have also shown that the Settlement was achieved only after thorough investigation, considerable motion practice and an arm's-length negotiation conducted by a mediator. In light of the defendants' financial condition and the fact that other claims have been and could be filed against them, the risk of the plaintiffs' nonrecovery was substantial.

Further, Lead Plaintiffs have shown that lead counsel devoted over 913 hours of time, at rates of $325.00 to $750.00 per hour for attorneys and $220.00 per hour for paralegals, to this case, which is a lodestar of $527,000.00, and a lodestar multiplier of 1.96. *Id.* Although those hourly rates are arguably higher than prevailing rates in this community, the court finds the overall fees are reasonable in view of the relatively low multiplier, the risk of nonrecovery and the complexity of the case. Attorneys' fees in the amount of $1,033,333.00 are consistent with awards of fees in similar cases. Putative class members were afforded appropriate notice of the requested fees. The single investor who objected to the amount of the attorney fee award has requested exclusion from the class. *See* Filing No. 125 in 8:10CV199, Ex. 8, Bravata Supp. Decl. at 27; Filing No. 120 in 8:10CV199, Ex. 1, Kim Decl. at 17. The Court finds the requested attorneys' fees are reasonable and should be paid from the Settlement fund.

Lead Plaintiffs also seek reimbursement of $77,907.41 in costs and expenses. They have submitted a summary of lead counsel's expenses and costs. *See* Filing No.

8

120 in 8:10cv199, Ex. 1, Kim Decl., Ex. A, Rosen Decl. at 3; Ex. B, Ryan Decl. at 3. The expenses include the cost banking, accounting and damages experts, consultants, and a mediator, as well as travel and lodging expenses, photocopying and scanning, filing fees, and costs of providing notice to the class. The court finds the claimed expenses are reasonable in amount. The court finds the costs, mediation fees, forensic accounting fees, consultants fees, and other costs and expenses were also necessary to prosecute the claims on behalf of the class. No one has objected to the award of expenses. Accordingly, the court finds Lead Plaintiffs' motion for reimbursement of expenses should be granted.

Lead Plaintiffs also move for an award for their lost time and efforts in prosecution and oversight of this action pursuant to the PSLRA. They each seek $2,000.00. They have shown that they were actively involved in this litigation, reviewed the various complaints, participated in the settlement negotiations, discussed case strategy with lead counsel, and engaged in numerous communications with counsel. See Filing No. 120 in 8:10CV199, Ex.1, Kim Decl. at 19-20. Lead counsel state that the Lead Plaintiffs' efforts were important and led to the successful resolution of the matter. *Id.* at 20. The Court finds a $2,000.00 award is reasonable under the circumstances. Also, the class had notice of the award and no class member objected to it. The Court believes that this award is appropriate compensation for reasonable costs and expenses under the PSLRA. Accordingly, the Court will approve the award of $2,000.00 to each of the three Lead Plaintiffs.

IT IS ORDERED:

1. Pursuant to Fed. R. Civ. P. 23, the class in this action is certified as set forth above at 3.

2. Lead Plaintiffs' motions (Filing No. 116 in 8:10CV199 and Filing No. 72 in 8:10CV332 and 4:10CV3177) for final approval of the Stipulation of Settlement dated May 25, 2012 ("Settlement"), Filing No. 102, Ex. 1, are granted.

3. The Settlement, Filing No. 102, Ex. 1, is hereby approved and is incorporated herein as if fully set forth.

4. Lead Plaintiffs and the Individual Defendants shall consummate the Settlement in accordance with its terms.

5. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

6. Pursuant to 15 U.S.C . § 78u-4(f)(7), the Court hereby permanently bars and enjoins any future claims for contribution arising out of this Action: (a) by any person or entity against the Individual Defendants; or (b) by the Individual Defendants against any person or entity other than a person or entity whose liability has been extinguished by the Settlement reached with the Individual Defendants.

7. The court retains jurisdiction to enforce the Settlement. Any disputes arising out of the terms of the Settlement or the implementation or enforcement thereof, shall be submitted to the Court for final resolution upon the application of any party hereto.

8. Lead counsel's motions for attorney fees, expenses and awards to lead plaintiffs (Filing No. 118 in 8:10CV199 and Filing No. 74 in 8:10CV332 and 4:10CV3177) are granted.

9. A Judgment in accordance with this Memorandum and Final Order of Approval will issue this date.

DATED this 8th day of November, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge